**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL BRYAN, et al.,

Plaintiff, Case Number: 25-12714
Honorable Jonathan J.C. Grey

v.

FORD MOTOR COMPANY,

Defendant.
_______________________________/

**OPINION AND ORDER DENYING DEFENDANT FORD MOTOR COMPANY'S MOTION TO STAY (ECF No. 15)**

On August 28, 2025, Plaintiffs Daniel Bryan, Victor Caballero, Nathan Dew, Michael Lepore, Stephanie Pake, Charles Williamson, Brandon Fisher, Michael Gruenke, Joshua Hammons, David Navarro, Danielle Beller,[1] and Jacob Benavides filed a class action complaint against Defendant Ford Motor Company ("Ford"), asserting various state-specific claims stemming from Ford's alleged manufacture and sale of defective vehicles. (ECF No. 1.) Before the Court is Ford's motion to stay proceedings pending resolution of its motion to compel arbitration

---

[1] Beller's fiancé, Michael Overman, substituted in place of Beller as a plaintiff in this action pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 24.)

and any subsequent decisions on arbitrability—only as to it pertains to certain plaintiffs. (ECF No. 15.) For the following reasons, the Court **DENIES** Ford's motion.

## I. BACKGROUND

On November 10, 2025, Ford moved to compel arbitration of certain plaintiffs' claims and to stay proceedings on their claims pending arbitration. (ECF No. 14.) Specifically, Ford sought to compel arbitration of all claims brought by Overman, Benavides, Bryan, Gruenke, and Navarro (the "Arbitration Plaintiffs"). (*Id.*) Ford did not seek to compel arbitration of the claims of Caballero, Dew, Lepore, Pake, Williamson, Fisher, or Hammons (the "Non-Arbitration Plaintiffs"). (*Id.*) That same day, Ford moved to stay all proceedings pending resolution of its motion to compel arbitration and any subsequent decisions on arbitrability. (ECF No. 15.)

Upon review of Ford's motion to compel, the Arbitration Plaintiffs agreed to submit the question of arbitrability to individual arbitrators and to stay their related claims in the interim. (ECF No. 17.) Therefore, Ford's motion to stay (ECF No. 15) only remains in dispute as it pertains to the Non-Arbitration Plaintiffs. (ECF No. 17.)

## II. LEGAL STANDARD

"[A] district court has broad discretion to manage its docket." *Am. C.L. Union of Kentucky v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (citation omitted). "A discretionary decision to stay . . . is properly based on considerations of economy and judicial efficiency." *Riley v. NTAN, LLC*, 629 F. Supp. 3d 805, 815 (M.D. Tenn. 2022) (citations omitted). Like other courts in this circuit, the Court employs "a balancing approach." *Id.* at 815–816.

Moreover, "when determining whether to grant a stay" in cases where there is a "related proceeding," the Court considers four factors: "(1) potentiality of another case having a dispositive effect on the case to be stayed; (2) judicial economy to be saved by waiting on a dispositive decision; (3) public welfare; and (4) hardship/prejudice to the party opposing the stay, given its duration." *AES-Apex Emp. Servs., Inc. v. Rotondo*, No. 13-CV-14519-DT, 2015 WL 12990376, at *1 (E.D. Mich. July 24, 2015) (internal quotation marks and citation omitted).

## III. ANALYSIS

Applying the four factors here, the Court finds that the balance of these factors weighs in favor of denying the stay.

First, the Court considers whether the arbitrability question has a dispositive effect on this case. The Non-Arbitration Plaintiffs argue that their counterparts' individual arbitrations will have no effect on their claims because the "Arbitration Plaintiffs' claims are either arbitrable or not." (ECF No. 16, PageID.384.) Ford responds that determinations on arbitrability will have a dispositive effect on the Arbitration Plaintiffs' claims "in terms of where they are ultimately heard." (ECF No. 18, PageID.445.) Specifically, if an Arbitration Plaintiff's claims are arbitrable, the parties will not engage in Rule 12(b) briefing as to that individual—but if the claims are non-arbitrable, there may be a second wave of briefing absent a stay. (*Id.* at PageID.445–446.)

Because the determination on arbitrability is not dispositive on the merits of the claims, the Court finds that this factor weighs against staying the case. This is not a situation where the question of arbitrability is "instructive" on the issues or would otherwise provide guidance to this Court. *Cf. Hall v. Forbes Media LLC*, No. 15-CV-13844, 2016 WL 4761790, at *3 (E.D. Mich. Sept. 13, 2016) (finding that factor one favored a stay where a forthcoming ruling from the Sixth Circuit would be instructive on the issue before the court).

Second, the Court considers the judicial economy saved by waiting on a decision regarding the arbitrability question. Ford argues that a stay would prevent "piecemeal" litigation, conserve judicial resources, and promote efficiency. (ECF No. 15, PageID.358 (quoting *Pacheco v. Ford Motor Co.*, No. 2:22-CV-11927, 2025 WL 2255623 (E.D. Mich. Aug. 7, 2025)) (citing *Riley*, 629 F. Supp. 3d at 816; *Anthony v. Van Over*, No. 3:22-CV-416, 2024 WL 5656576, at *12 (E.D. Tenn. Dec. 18, 2024)).) Plaintiffs respond that staying the Non-Arbitration Plaintiffs' claims saves no judicial economy because multiple motions to dismiss are common in class actions, and the Court can rule in the first instance on many of the overarching issues that are still relevant regardless of the outcome of the individual arbitrations.

The Court finds that staying the litigation pending a determination on arbitrability would save judicial economy, but only marginally so. Notably, upon stipulation of the parties, the Court ordered the parties to submit the question of arbitrability to individual arbitrators on December 1, 2025. (ECF No. 17.) The parties have since represented that the arbitration process began in March or April 2026—thus, between four to five months have passed since then. Presumably, a determination

should be made in the coming months such that staying the case would serve little benefit. *See, e.g.*, ECF No. 16-3 (over seven months passed between the initiation of arbitration and the arbitrator deciding the issue of arbitrability with respect to a specific plaintiff); ECF No. 16-4 (over six months passed between the initiation of arbitration and the arbitrator deciding the issue of arbitrability with respect to a specific plaintiff); ECF No. 16-5 (over eight months passed between the initiation of arbitration and the arbitrator deciding the issue of arbitrability with respect to a specific plaintiff).

If the motion to dismiss briefing moves forward as to the Non-Arbitration Plaintiffs, those motions will likely remain pending by the time the determination on arbitrability is made. At that time, the parties may submit supplemental or amended briefs to address additional state-specific claims for any Arbitration Plaintiffs that are returned to this Court—if any. And because the Arbitration Plaintiffs and Non-arbitration Plaintiffs are from different states and have different state-specific claims (except for Pake and Navarro who are both Michigan Plaintiffs), this is not a case where the Court would have to decide the same claims more than once and waste resources in that regard. (*See*

ECF No. 1.) *Cf. Poe v. FCA US LLC*, No. 2:21-CV-11668-TGB-CI, 2023 WL 9112208, at *2 (E.D. Mich. Dec. 5, 2023) (finding the second factor strongly supports granting a stay where allowing the case to proceed would mean duplicating the litigation of certain claims in different fora). As such, the Court finds that the second factor only slightly weighs in favor of a stay.

The Court next considers the third factor and finds that "swift resolution" here is "considered in the public welfare[.]" *Poe*, 2023 WL 9112208, at *2.

While Ford cites *Poe* to support its proposition that a stay serves the public welfare and "'[a] temporary delay will provide clarity' on the issues of which claims are going forward where," Ford's reliance on *Poe* is unconvincing. (ECF No. 18, PageID.446 (quoting *Poe*, 2023 WL 9112208, at *2).) In *Poe*, the court found that a temporary delay would provide clarity about the legal findings that underpin the claims before it. As discussed above, however, the question of arbitrability will not provide clarity about the findings or merits of any of the claims before this Court.

Further, the Court agrees that the "public welfare has an interest in this case" because the plaintiffs seek to hold Ford accountable for the alleged manufacture and sale of defective vehicles. (ECF No. 16, PageID.384–385.) Contrary to Ford's contentions, plaintiffs do not *only* seek money damages—they also seek injunctive relief in the form of "an order enjoining Ford from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint." (ECF No. 1, PageID.142.) Thus, factor three weighs against staying the case as to the Non-Arbitration Plaintiffs' claims.

Fourth, the Court considers the hardship/prejudice to plaintiffs, given its duration. The case will likely be stayed another two to four months or so if the cases plaintiffs cite are any indication. (*See* ECF Nos. 16-3, 16-4, 16-5.) Therefore, the Court finds little hardship would result from the requested stay and factor four is either neutral or slightly weighs in favor of plaintiffs. *See Poe*, 2023 WL 9112208, at *3 (finding the minimal hardship/prejudice of a delay of less than one year does not outweigh the other factors).

Because the factors collectively weigh against a stay, the Court **DENIES** Ford's motion as it pertains to the Non-Arbitration Plaintiffs' claims.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Ford's motion to stay proceedings pending resolution as it applies to the Non-Arbitration Plaintiffs (ECF No. 15) is **DENIED**.

**SO ORDERED.**

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated: August 21, 2026

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager